CADES SCHUTTE
A Limited Liability Law Partnership
MILTON M. YASUNAGA        3058
MARTIN E. HSIA            2954
1000 Bishop Street, Suite 1200
Honolulu, HI 96813-4216
Telephone: (808) 521-9200
E-mail: myasunaga@cades.com

Attorneys for Plaintiffs
WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD, INC.

**ORIGINAL**

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

JAN 2 6 2006

at ___ o'clock and ___ min. ___ M
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAII INTERNATIONAL SEAFOOD, INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN CORPORATION, EAST ASIA FISH COMPANY, INC., BENEDICTO N. ALVES, HIDEAKI YOSHIOKA, TRIDENT MARKETING, INC.,<br><br>Defendants. | CIVIL NO. 05-00680 HG-LEK<br><br>AMENDED COMPLAINT; DEMAND FOR JURY TRIAL; EXHIBIT "A"; SUMMONS |

AMENDED COMPLAINT

Plaintiffs WILLIAM R. KOWALSKI (Kowalski) and HAWAII

INTERNATIONAL SEAFOOD, INC. (Hawaii International), on personal knowledge as to their own activities and on information and belief as to the activities of others, hereby allege as follows:

1. This court has jurisdiction over the subject matter of this action pursuant to: 28 U.S.C. § 1338(a) and 28 U.S.C. § 1331, in that this action includes a claim for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq.

2. Venue for this action is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) and there is jurisdiction over Defendants OCEAN CORPORATION (Ocean), EAST ASIA FISH COMPANY, INC. (East Asia), BENEDICTO N. ALVES (Alves), HIDEAKI YOSHIOKA (Yoshioka), and TRIDENT MARKETING, INC. (Trident) because Defendants have committed acts of infringement in this judicial district.

3. On information and belief, Ocean and East Asia are Philippines corporations, Alves and Yoshioka own and run Ocean and East Asia (Alves is President of Ocean and Managing Director of East Asia, and Yoshioka is Chairman of Ocean and East Asia), and Trident is an American company that is an affiliate of East Asia and Ocean and which distributes their products, but all do business in Hawaii and are parts of one or more supply chains that distribute infringing products in Hawaii..

4. On October 26, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,972,401 (the '401 Patent) to Kowalski. (Exhibit A is a copy of the '401 Patent.) At all relevant times, Kowalski has been the owner of the '401 Patent.

5. The Kowalski '401 Patent broadly covers the treatment of food with smoke from which sufficient taste causing components have been removed so that the treated food does not end up with (or retain) taste imparted from the smoke – thus, such smoke is commonly described as tasteless smoke. (See, for example, claims 67, 50, 49, and 1 of the '401 Patent, which appear at Columns numbered 28, 26, and 22 on the last 4 pages of Exhibit A. These claims do not mention [and are therefore not limited to] any particular equipment, method for removing taste from the smoke, names, etc. See also, for example, the section of the Patent titled "Summary Of The Invention", at lines 25-30 of column "12", which states, "Smoke can be superpurified by any method, or combination of methods ….")

6. As the '401 Patent explains, the benefits of Kowalski's patented process include the following: Untreated fish or other meat turns brown after freezing and thawing, which renders the meat unsuitable for use raw as sashimi or on sushi, and much less desirable even when sold as steaks for cooking. In contrast, meat treated with tasteless smoke retains its natural red color through freezing and thawing and, because the meat does not have a smoke taste, the meat

is suitable for the many uses in which taste from smoke is not desired. (Ex. A at Columns 1 and 2.)

7.  Under the Process Patent Amendments Act of 1988, infringement liability is not limited only to those who use the process, but also extends to those who import or sell the product that was made with the process. Thus, 35 U.S.C. Section 271(g) provides "(g) Whoever without authority imports into the United States or sells or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer …."

8.  Under 35 U.S.C. § 282, the '401 Patent is presumed valid.

9.  At times after October 26, 1999, Defendants have, without authorization from Kowalski, made, had made, exported to the United States, imported, offered to sell, or sold fish processed with tasteless smoke, and are continuing to do so.

10.  At times after October 26, 1999, Defendants, without authorization from Kowalski, made, had made, exported to the United States, imported, offered to sell, or sold products or food made by the process covered by the '401 Patent, and are continuing to do so.

11.  Defendants infringed and are continuing to infringe the '401 Patent, directly, contributorily, and/or by inducement, in violation of 35 U.S.C. § 271.

12.  Kowalski has owned Hawaii International from before the patent

issued. For years after the patent issued, Hawaii International was the only entity Kowalski licensed to import into or offer to sell, sell, or otherwise dispose of in the United States products made with the process covered by the '401 Patent.

13. Under 35 U.S.C. § 295, Plaintiffs are entitled to the statutory presumption that the product was made with the patented process.

14. As a result of Defendants' infringement of the '401 Patent, Plaintiffs have been and continue to be injured in their business and property rights, and are entitled to recover damages for such injuries pursuant to 35 U.S.C. § 284 in an amount to be determined at trial.

15. On information and belief, Defendants' infringement of the '401 Patent has been and continues to be deliberate and willful, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285, and entitling Plaintiffs to treble damages and reimbursement of their attorneys' fees.

26. On information and belief, unless enjoined by this Court, Defendants will continue to infringe the '401 Patent, and Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law. Accordingly, Plaintiffs are entitled to preliminary and/or permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

WHEREFORE, Plaintiffs request entry of judgment in their favor and against Defendants as follows:

A. Declaring the '401 Patent valid and enforceable, and that Defendants have infringed one or more claims of that patent;

B. Preliminarily and permanently enjoining Defendants and their agents, representatives, employees, servants, officers, directors, shareholders, attorneys, affiliates, trustees, successors, assigns, and any others within their control or supervision, and all persons acting in active concert or participation with them, from further infringing, contributing to and/or inducing the infringement of the '401 Patent, in accordance with 35 U.S.C. § 283, or assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above;

C. Awarding Plaintiffs damages in an amount adequate to compensate them for Defendants' patent infringement, in accordance with 35 U.S.C. § 284, including pre-judgment interest;

D. Increasing the damages to three times the amount found or assessed by virtue of the deliberate and willful nature of Defendants' patent infringement, in accordance with 35 U.S.C. § 284;

E. Awarding Plaintiffs their costs, reasonable attorneys' fees, and granting such other and further relief as this Court deems just and proper.

DATED: Honolulu, Hawaii, _____JAN 2 6 2006_____.

                              CADES SCHUTTE
                              A Limited Liability Law Partnership

                              _____
                              MILTON M. YASUNAGA
                              MARTIN E. HSIA
                              Attorneys for Plaintiffs
                              WILLIAM R. KOWALSKI and HAWAII
                              INTERNATIONAL SEAFOOD, INC.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of Hawaii

WILLIAM R. KOWALSKI and
HAWAII INTERNATIONAL SEAFOOD,
INC.,
           Plaintiffs,
    V.
OCEAN CORPORATION, EAST
ASIA FISH COMPANY, INC.,
BENEDICTO N. ALVES, HIDEAKI
YOSHIOKA, TRIDENT MARKETING,
INC.,
           Defendants.

**SUMMONS IN A CIVIL ACTION**

CASE NUMBER: CV05-00680 HG-LEK

TO: (Name and address of Defendant)    ALL NAMED DEFENDANTS

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

MILTON M. YASUNAGA
MARTIN E. HSIA
Cades Schutte LLP
1000 Bishop Street, Suite 1200
Honolulu, HI 96813

an answer to the complaint which is served on you with this summons, within ____20____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

SUE BEITIA                                  JAN 2 6 2006

CLERK                                                DATE

*(signature)*

(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served:

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left:

☐ Returned unexecuted:

☐ Other (specify):

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | $0.00 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on ______________________ ______________________________
Date *Signature of Server*

______________________________
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.