IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | |
|---|---|
| WILLIAM R. KOWALSKI and HAWAI`I INTERNATIONAL SEAFOOD INC.,<br><br>Plaintiffs,<br><br>v.<br><br>OCEAN CORPORATION, EAST ASIA FISH COMPANY, INC., BENEDICTO N. ALVES, HIDEAKI YOSHIOKA, TRIDENT MARKETING, INC.,<br><br>Defendants. | CIVIL NO. 05-00680 HG-LEK<br><br>FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST BENEDICTO N. ALVES BE GRANTED |

Milton M. Yasunaga, Cades Schutte LLP, Honolulu, HI, for Plaintiffs

# **FINDINGS AND RECOMMENDATION That PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST BENEDICTO N. ALVES be granted**

LESLIE E. KOBAYASHI, United States Magistrate Judge.

Before the Court is Plaintiffs William R. Kowalski's ("Kowalski") and Hawai`i International Seafood Inc.'s ("Hawai`i International") (jointly, "Plaintiffs") Motion for Default Judgment Against Benedicto N. Alves ("Motion"), filed October 19, 2007 pursuant to Fed. R. Civ. P. 55(b)(2).  Defendant Benedicto N. Alves ("Defendant" or "Alves") did not respond to the Amended Complaint or otherwise appear in this case.  The Court finds this matter suitable for disposition without a hearing.  After careful consideration of the Motion, supporting documents, and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED for the reasons set forth below.

## BACKGROUND

The record shows that, on January 26, 2006, Plaintiffs filed their Amended Complaint and Alves was served in the Philippines, but failed to plead or otherwise defend against this action, and as such, default was entered on June 29, 2006.

The Amended Complaint alleges, and this Court finds, as follows:

1. This court has jurisdiction over the subject matter of this action pursuant to:  28 U.S.C. § 1338(a) and 28 U.S.C. § 1331, in that this action includes a claim for patent infringement arising under the patent laws of the United States, 35

U.S.C. § 1, et seq.

2. Venue for this action is proper in this Court pursuant to 28 U.S.C. §§ 1391 and 1400(b) and there is jurisdiction over Alves because he has committed acts of infringement in this judicial district.

3. Alves ran Defendants Ocean Corporation ("Ocean") and East Asia Fish Company, Inc., ("East Asia") (Alves was President of Ocean and Managing Director of East Asia), which did business in Hawai`i and were parts of one or more supply chains that distribute infringing products in Hawai`i.

4. On October 26, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,972,401 (the "'401 Patent" or "Kowalski Patent") to Kowalski. At all relevant times, Kowalski has been the owner of the '401 Patent.

5. The '401 Patent covers the treatment of food with smoke from which sufficient taste causing components have been discarded so that the treated food does not end up with (or retain) taste imparted from the smoke – thus, such smoke is commonly described as tasteless smoke.

6. As the '401 Patent explains, the benefits of Kowalski's patented process include the following: Untreated fish or other meat turns brown after freezing and thawing, which renders the meat unsuitable for use raw as sashimi or on sushi, and much less desirable even when sold as steaks for cooking. In

contrast, meat treated with tasteless smoke retains its natural red color through freezing and thawing and, because the meat does not have a smoke taste, the meat is suitable for the many uses in which taste from smoke is not desired.

7. Under the Process Patent Amendments Act of 1988, infringement liability is not limited only to those who use the process, but also extends to those who import or sell the product that was made with the process. Thus, 35 U.S.C. Section 271(g) provides "(g)  Whoever without authority imports into the United States or sells or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer …."

8. Under 35 U.S.C. § 282, the '401 Patent is presumed valid.

9. At times after October 26, 1999, Alves has, together with the companies he ran (Ocean and East Asia), without authorization from Kowalski, made, had made, exported to the United States, imported, offered to sell, or sold products or food made by the process covered by the '401 Patent.

10. Kowalski has owned Hawai`i International from before the patent issued. For years after the patent issued, Hawaii International was the only entity Kowalski licensed to import into or offer to sell, sell, or otherwise dispose of in the United States products made with the process covered by the '401 Patent.

12. Under 35 U.S.C. § 295, Plaintiffs are entitled to the statutory presumption that the product was made with the patented process.

13.     Alves infringed the '401 Patent, directly, contributorily, and by inducement, in violation of 35 U.S.C. § 271.

14. As a result of Alves' infringement of the '401 Patent, Plaintiffs have been injured in their business and property rights, and are entitled to recover damages for such injuries pursuant to 35 U.S.C. § 284.

15.     Alves' infringement of the '401 Patent has been deliberate and willful, thereby rendering this an exceptional case pursuant to 35 U.S.C. §§ 284 and 285, and entitling Plaintiffs to treble damages.  Complaint Para. 15.

16.     Unless enjoined by this Court, Alves will continue to infringe the '401 Patent, and Plaintiffs will suffer irreparable harm for which there is no adequate remedy at law.  Accordingly, Plaintiffs are entitled to permanent injunctive relief against such infringement pursuant to 35 U.S.C. § 283.

The Amended Complaint prayed for the following relief:

A. Declaring the '401 Patent valid and enforceable, and that Alves has infringed one or more claims of that patent;

A. Preliminarily and permanently enjoining Alves and his agents, representatives, employees, servants, officers, directors, shareholders, attorneys, affiliates, trustees, successors, assigns, and any others within their control or supervision, and all persons acting in active concert or participation with them, from further infringing, contributing to and/or inducing the infringement of the

'401 Patent, in accordance with 35 U.S.C. § 283, or assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above;

    A. Awarding Plaintiffs damages in an amount adequate to compensate them for Alves patent infringement, in accordance with 35 U.S.C. § 284, including pre-judgment interest; and

    A. Increasing the damages to three times the amount found or assessed by virtue of the deliberate and willful nature of Alves patent infringement, in accordance with 35 U.S.C. § 284.

## *DISCUSSION*

**A.**     <u>**Default Judgment Should Be Entered Against Alves**</u>

    1.     <u>The Requirements of Rule 55(b)(2) Have Been Met.</u>

Rule 55(b)(2) of the Federal Rules of Civil Procedure governs applications for default judgment. It states:

> (b) Judgment. Judgment by default may be entered as follows:
>
>> (2) By the Court. In all other cases the party entitled to a judgment by default shall apply to the court therefore; but no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein. If the party against whom judgment by default is sought has appeared in the action, the party (or, if appearing by representative, the party's representative) shall be served with written notice of the application for judgment at least 3 days prior to the hearing on such application. If, in order to enable the court to enter

> judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter, the court may conduct such hearings or order such references as it deemed necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute of the United States.

Fed. R. Civ. P. 55(b)(2).

Here, Alves (a corporate president and managing director) is not an infant or incompetent, nor has he ever appeared in this action. As Alves has not made an appearance, Plaintiffs are not required to serve him with this Motion. See Walker v. Zanger (West Coast) Ltd. v. Stone Design S.A., 4 F. Supp. 2d 931, 935 (C.D. Cal. 1997). As such, the procedural requirements of Rule 55(b)(2) are therefore satisfied, and the Court need only analyze whether default judgment is appropriate in this case.

### 2. Default Judgment is Appropriate

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). However, the "district court's decision whether to enter a default judgment is a discretionary one." Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding how to exercise that discretion, the following factors may be considered:

> (1) the substantive merits of the plaintiff's claim; (2) the sufficiency of the complaint; (3) the amount of money at stake; (4) the possibility of prejudice to plaintiff if relief is denied; (5) whether default was the result of excusable neglect; and (6) the strong policy of the Federal Rules that favors decisions on the merits.

PepsiCo, Inc. v. Triunfo-Mex, Inc., 189 F.R.D. 431, 432 (C.D. Cal. 1999) (citing Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)). "In applying this discretionary standard, default judgments are more often granted than denied." Id. In this case, all of the factors favor granting default judgment.

     a. The Substantive Merits and Sufficiency of the Complaint

The first two factors, the merits of plaintiff's substantive claims and the sufficiency of the complaint, "require that a plaintiff state a claim on which the [plaintiff] may recover." PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1175 (C.D. Cal. 2002) (quoting Kloepping v. Fireman's Fund, No. C 94-2684 TEH, 1996 WL 75314, at *2 (N.D. Cal. Feb. 13, 1996)).

In this case, Plaintiffs seek default judgment on their patent infringement claim. 35 U.S.C. Section 271 states in pertinent part:

> (a)  Except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells any patented invention, within the United States or imports into the Untied States any patented invention during the term of the patent therefore, infringes the patent.
>
> (b)  Whoever actively induces infringement of a patent shall be liable as an infringer.
>
> ….
>
> (g)  Whoever without authority imports into the United States or sells or uses within the United States a product which is made by a process patented in the United States shall be liable as an infringer …."

Alves, together with his then companies [co-defendants] Ocean and East Asia, sold within the United States a product (i.e., fish treated with smoke for color retention) made with the process covered by the Kowalski Patent, and also induced those companies to infringe, and Alves therefore is liable as an infringer.

These facts were all alleged in the Complaint. Because Alves' failure to answer the averments of the Complaint constitutes an admission, the Court must accept the allegations as true. See Fed. R. Civ. P. 8(d). Accordingly, Alves infringed the Kowalski Patent as alleged in the Complaint. See Phillip Morris USA, Inc. v. Castworld Prods., Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003) (finding default judgment appropriate where the defendants failed to answer a complaint alleging an intellectual property claim).

       b.  Amount at Stake

  When weighing the third factor, the amount at stake, "the court must consider the amount of money at stake in relation to the seriousness of the Defendant's conduct." PepsiCo, Inc. v. California Security Cans, 238 F. Supp. 2d 1172, 1176 (C.D. Cal. 2002).  Here, Alves has both disregarded Plaintiffs' patent rights and disrespected the judicial process.  Millions of pounds of fish (and hence many dollars of damages) are involved.  See damages section and exhibits below.  He has, by his default, admitted infringing the patent **and doing so willfully**.  The Motion also presents further evidence of his bad faith conduct (Exhibit B of the Motion is an email string by Alves to other members of Tuna Processors Inc. ("TPI"); TPI was a group formed by Alves and his company East Asia and other Philippine processors of fish using tasteless smoke, who were discussing how to stop Kowalski's infringement efforts against their customers and them; Exhibit B indicates that, rather than defend the case on the merits, Alves tried to help employ the services of a Japanese gangster ["yakuza"] to disrupt Plaintiffs' business financing so as to force Plaintiffs to settle for terms favorable to Alves and his cohorts).  The egregiousness of that conduct further justifies Plaintiffs' demand for treble damages.

       c.  Possibility of Prejudice to Plaintiffs

  The fourth factor, the possibility of prejudice to Plaintiffs, also weighs in favor of granting default judgment.  In matters involving patent rights, there is a presumption of irreparable harm.  This presumption derives in part from the finite term of the patent grant.  The nature of the patent grant thus weighs against holding that monetary damages will always suffice to make the patentee whole, for the principal value of a patent is its statutory right to exclude.  See H.H. Robertson, Co. v. United Steel Deck, Inc., 820 F.2d 384, 390 (Fed. Cir. 1987).  Also, infringement may have market effects that are never fully compensable in money. Atlas Powder Co. v. Ireco Co., 773 F.2d 1230, 1233 (Fed. Cir. 1985).  Also, given that Alves is a foreign national and resident, the likelihood that Plaintiffs will be able to collect full money damages (or perhaps any money damages) is low.  In an intellectual property case, "irreparable injury may be presumed from a showing of likelihood of success on the merits." Sony Computer Entm't Am. Inc. v. Gamemasters, 87 F. Supp. 2d 976, 988 (N.D. Cal. 1999) ("It is well settled in [the Ninth] Circuit that where the movant has demonstrated a likelihood of success upon the merits of its intellectual property claims irreparable injury is to be presumed").  The fact that the present case involves a defaulting defendant makes the presumption of irreparable harm more than a presumption, and there is not merely a likelihood of success by Plaintiffs but necessary, and already realized, success.

Thus, there is clear prejudice to Plaintiffs. Injunctive relief should be granted. See PepsiCo, Inc., 238 F. Supp. 2d at 1177 ("If Plaintiffs' motion for default judgment is not granted, Plaintiffs will likely be without other recourse for recovery."); Phillip Morris USA, Inc., 219 F.R.D. at 499 (same).

### d. Possibility of Excusable Neglect

"Due process requires that all interested parties be given notice reasonably calculated to apprise them of the pendency of the action and be afforded opportunity to present their objections before a final judgment is rendered." Philip Morris USA Inc., 219 F.R.D. at 500. Here, Alves received notice of the pendency of this action. He was served with the Amended Complaint, Summons.

Given the ample notice that Alves has received regarding this action, there is no possibility of excusable neglect. Alves disregard for this lawsuit is inexcusable, and this factor favors granting default judgment. See Allergan, Inc. v. Mira Life Group, Inc., No. SACV 04-36 JVS (MLGx), 2004 U.S. Dist. LEXIS 26881, at *7 (C.D. Cal. June 9, 2004).

### e. Policy for Deciding on the Merits

Although "[c]ases should be decided upon their merits whenever reasonably possible," Eitel, 728 F.2d at 1472, the preference to decide cases on the merits does not preclude a court from granting default judgment. See PepsiCo, Inc., 238 F. Supp. 2d at 1177. Because Alves' "failure to answer [the] Complaint makes a decision on the merits impractical, if not impossible," this factor favors default judgment. See id.; Phillip Morris USA, Inc., 219 F.R.D. at 501 (finding that the policy of deciding on the merits did not prevent default judgment where defendant failed to defend or otherwise answer).

In sum, as liability has been established by Alves' failure to defend or otherwise answer the Amended Complaint in this action, and as all of the discretionary factors articulated by the Ninth Circuit support default judgment, default judgment should be granted, and the remedies requested below granted.

### 3. Remedies for Patent Infringement

Default judgment may be entered "without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." Taylor Made Golf Co. v. Carsten Sports, Ltd., 175 F.R.D. 658, 661 (S.D. Cal. 1997) (citing Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

#### a. Damages are Appropriate, And They Should Be Trebled

35 U.S.C. Section 284 provides:

Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.

[T]he court may increase the damages up to three times the amount found or assessed….

As mentioned in the statute, reasonable royalty is the minimum type of damages recoverable, but Plaintiffs are not limited to that minimum – they may recover lost profits damages. See, e.g., Rite-Hite Corp. v. Kelley Co., Inc., 56 F.3d 1538 (Fed. Cir. 1995)(en banc).

Attached as Exhibit C to the Motion are printouts from Urner Barry, a service which compiles information regarding imports of various products. Exhibit C shows that Alves' two companies, Ocean and East Asia, sent to the U.S. 846,897 pounds and 6,946,625 pounds, respectively, of frozen tuna between 2000 and 2005, inclusive, for a total of 7,793,522 pounds. Exhibit D attached to the Motion consists of copies of pronouncements from the United States Department of Commerce (USDC) indicating that the USDC and the United States Food and Drug Administration had approved Plaintiffs' tasteless smoke process for color retention rather than to add smoke taste and the USDC was creating a list of companies that were verified as treating their products with tasteless smoke (later also called filtered smoke), and that Alves' two companies, Ocean and East Asia, were companies that treated their fish with tasteless smoke. Exhibit E attached to The Motion is a redacted copy of an expert damage report by economist David Francom in a similar Kowalski Patent infringement case to the present case (redacted to protect confidential information), which concludes that, where the defendant has failed to produce records of its sales, it may be appropriate to use Urner Barry data (decreased by 10% because Urner Barry uses gross weights, which would include packing material), and a minimum reasonable rate of royalty

on tuna and swordfish would be 8 cents a pound. Exhibit F attached to the Motion is a redacted copy of an expert damage report by economist David Francom in a similar Kowalski Patent infringement case to the present case (redacted to protect confidential information), which concludes that a reasonable royalty rate of 8 cents a pound to 20 cents a pound would be appropriate for tuna and swordfish. Thus, 8 cents a pound is the most conservative rate, and Plaintiffs' Motion asks that the Court award damages in this case using that conservative rate. Decreasing the Urner Barry total of 7,793,522 pounds by 10 percent to eliminate packaging material results in 7,014,170 pounds, which when multiplied by the conservative 8 cents a pound royalty rate results in a total of $561,134. Treble damages would be 3 x $561,134 equals **$1,683,401**, and such treble damages of **$1,683,401 should be awarded** given (a) the default (which is an admission of the willful infringement allegations), (b) the attempt to harm Plaintiffs' business in an effort to escape being brought to justice (see Exhibit B – the Yakuza letter), © the fact that the most conservative 8 cent damage rate is being used, and (d) because Alves' default deprives Plaintiffs of information they would need to establish greater damage amounts, such as the 20 cents a pound royalty rate or the much higher measure of lost profits (with lost profits, one would get all the marginal profits one would have obtained from the infringer's sales, whereas royalties are by definition only a fraction of the marginal profits).

      b.    <u>A Permanent Injunction is Appropriate</u>

35 U.S.C. Section 283 provides "The several courts having jurisdiction of cases under this title may grant injunctions in accordance with the principles of equity to prevent violation of any right secured by patent, on such terms as the court deems reasonable." A permanent injunction is appropriate where, as here, the defendant, "though well aware of the serious claims brought against it, has chosen to ignore [the] lawsuit." <u>Phillip Morris USA</u>, 219 F.R.D. at 502.

Without a permanent injunction, Plaintiffs face the continuing risk of lost sales and damage to their goodwill.

## V. CONCLUSION

On the basis of the foregoing, this Court FINDS AND RECOMMENDS that Plaintiffs' Motion For Default Judgment Against Benedicto N. Alves, filed October 19, 2007, be GRANTED. Accordingly, this Court recommends that the district court:

1) AWARD judgment in favor of Kowalski and against Alves that (1) U.S. Patent 5,972,401 is owned by William R. Kowalski, (2) U.S. Patent 5,972,401 is valid and enforceable, and (3) Alves has infringed one or more claims of that patent.

Case 1:05-cv-00680-HG-LK   Document 33   Filed 11/19/07   Page 13 of 13   PageID #: 183

    2) AWARD damages to Kowalski and against Alves in the amount of **$1,683,401.00.**

    3) ISSUE a permanent injunction in favor of Kowalski and against Alves as follows:

> BENEDICTO N. ALVES and his agents, representatives, employees, servants, officers, directors, shareholders, attorneys, affiliates, trustees, successors, assigns, and any others within their control or supervision, and all persons acting in active concert or participation with them, are enjoined from further infringing, contributing to and/or inducing the infringement of U.S. Patent 5,972,401, in accordance with 35 U.S.C. § 283, or assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

    4) AWARD judgment providing that personal service by mail or email of a copy of the judgment and permanent injunction shall be deemed sufficient notice under Rule 65 of the Federal Rules of Civil Procedure and it shall not be necessary for Alves to sign any form of acknowledgment of service.

IT IS SO FOUND AND RECOMMENDED.

    DATED AT HONOLULU, HAWAI`I, November 19, 2007.



    /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**WILLIAM R. KOWALSKI, ET AL. V. OCEAN CORPORATION, ET AL; CIVIL NO. 05-00680 HG; FINDINGS AND RECOMMENDATION THAT PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST BENEDICTO N. ALVES BE GRANTED**