IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAI`I

| | | |
|---|---|---|
| WILLIAM KOWALSKI, ET AL., | ) | CIVIL NO. 05-00680 HG-LEK |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| OCEAN CORPORATION, ET AL., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**FINDINGS AND RECOMMENDATION TO GRANT IN PART
AND DENY IN PART PLAINTIFFS' MOTION FOR
DEFAULT JUDGMENT AGAINST BENEDICTO N. ALVES**

Before the Court is Plaintiffs William R. Kowalski's and Hawai`i International Seafood Inc.'s ("Hawai`i International") (collectively "Plaintiffs") Motion for Default Judgment Against Benedicto N. Alves ("Motion"), filed October 19, 2007. Defendant Benedicto N. Alves has not responded to the Motion or otherwise appeared in this case. On November 19, 2007, this Court issued its Findings and Recommendation that the Motion be granted. On January 8, 2008, the district judge referred the matter back to this Court for reconsideration and modification. The Court again finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion and the relevant legal authority, this Court HEREBY FINDS and RECOMMENDS that Plaintiffs' Motion be GRANTED IN PART AND

DENIED IN PART for the reasons set forth below.

## **BACKGROUND**

The instant action arises from the alleged infringement of Kowalski's patented method of treating food with smoke.  On October 26, 1999, the United States Patent and Trademark Office issued United States Patent No. 5,972,401 (the "'401 Patent" or "Kowalski Patent") to Kowalski.  At all relevant times, Kowalski has been the owner of the '401 Patent.  The '401 Patent covers the treatment of food with smoke from which sufficient taste causing components have been discarded so that the treated food does not retain taste imparted from the smoke – thus, such smoke is commonly described as tasteless smoke.

As the '401 Patent explains, the benefits of Kowalski's patented process include the following: untreated fish or other meat turns brown after freezing and thawing, which renders the meat unsuitable for use raw as sashimi or on sushi, and much less desirable even when sold as steaks for cooking.  In contrast, meat treated with tasteless smoke retains its natural red color through freezing and thawing and is suitable for the many uses in which a smoke taste is not desired.  Kowalski has owned Hawai`i International from before the patent issued.  For years after the patent issued, Hawai`i International was the only entity Kowalski licensed to import into, offer to sell, sell, or otherwise dispose of in the United States products made with the process

2

covered by the '401 Patent.

Alves was the President of Defendant Ocean Corporation ("Ocean") and the Managing Director of Defendant East Asia Fish Company, Inc. ("East Asia").  Both entities did business in Hawai`i and were parts of one or more supply chains that distribute infringing products in Hawai`i.  Plaintiffs allege that, at times after October 26, 1999, Alves, together with Ocean and East Asia, made, had made, exported to the United States, imported, offered to sell, or sold products or food made by the process covered by the '401 Patent, without Kowalski's authorization.

Plaintiffs filed the instant patent infringement action on October 26, 2005.  Plaintiffs filed their Amended Complaint on January 26, 2006 and served Alves in the Phillippines on April 7, 2006.  Alves never responded to the Amended Complaint and the Clerk of the Court entered default against him on June 29, 2006.

In the instant Motion, Plaintiffs seek judgment against Alves as follows:

> A.   Declaring the '401 Patent valid and enforceable, and that Alves has infringed one or more claims of that patent;
> B.   Preliminarily and permanently enjoining Alves and his agents, representatives, employees, servants, officers, directors, shareholders, attorneys, affiliates, trustees, successors, assigns, and any others within their control or supervision, and all persons acting in active concert or participation with them, from further infringing, contributing to and/or inducing the infringement of the '401 Patent, in accordance

3

with 35 U.S.C. § 283, or assisting, aiding, or
abetting any other person or business entity in
engaging in or performing any of the activities
referred to above;
     C.   Awarding Plaintiffs damages in an amount
adequate to compensate them for Alves['] patent
infringement, in accordance with 35 U.S.C. § 284,
including pre-judgment interest; [and]
     D.   Increasing the damages to three times
the amount found or assessed by virtue of the
deliberate and willful nature of Alves['] patent
infringement, in accordance with 35 U.S.C. §
284[.]

[Motion at 2-3.]

## DISCUSSION

## I.   Default Judgment

"'The general rule of law is that upon default the

factual allegations of the complaint, except those relating to

the amount of damages, will be taken as true.'"  TeleVideo Sys.,

Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting

Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)).

A plaintiff who obtains an entry of default, however, is not

entitled to default judgment as a matter of right.  See Warner

Bros. Entm't Inc. v. Caridi, 346 F. Supp. 2d 1068, 1071 (C.D.

Cal. 2004).  Default judgments are disfavored; cases should be

decided on the merits if possible.  See In re Roxford Foods,

Inc., 12 F.3d 875, 879 (9th Cir. 1993).  Thus, "any doubts as to

the propriety of a default are usually resolved against the party

seeking a default judgment."  VonGrabe v. Sprint PCS, 312 F.

Supp. 2d 1313, 1319 (S.D. Cal. 2004) (citing Pena v. Seguros La

Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)).

        In determining whether to grant default judgment, the

court should consider the following factors:

> (1) the possibility of prejudice to the plaintiff,
> (2) the merits of the plaintiff's substantive
> claim,
> (3) the sufficiency of the complaint,
> (4) the sum of money at stake in the action,
> (5) the possibility of a dispute concerning
> material facts,
> (6) whether the default was due to excusable
> neglect, and
> (7) the strong policy underlying the Federal Rules
> of Civil Procedure favoring decisions on the
> merits.

Warner Bros., 346 F. Supp. 2d at 1071-72 (quoting Eitel v.

McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986)).

        The factors that the Court must consider in deciding

whether to grant default judgment fall largely in Plaintiffs'

favor: (1) Alves' failure to answer or otherwise appear in this

action prejudices Plaintiffs' ability to achieve a decision

against him; (2) Plaintiffs have demonstrated that Alves

illegally made, had made, exported to the United States,

imported, offered to sell, or sold products or food made by the

process covered by the '401 Patent; (3) Plaintiffs' Amended

Complaint sufficiently sets forth the elements to support the

claim for patent infringement; and (4) there is a significant

amount of damages at stake.

        Two of the seven factors are neutral because Alves has

failed to answer or otherwise participate in this litigation: (1)

the possibility of a dispute concerning material facts, and (2) whether the default was due to excusable neglect.  The last factor, the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits, favors denial of the Motion.  This Court finds that, on balance, the record favors granting default judgment.  This Court therefore RECOMMENDS that the district judge GRANT Plaintiffs' request for default judgment against Alves.

## II. <u>Damages</u>

Default judgment may be entered "without a hearing on damages when the amount claimed is capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits." <u>Taylor Made Golf Co. v. Carsten Sports, Ltd.</u>, 175 F.R.D. 658, 661 (S.D. Cal. 1997) (citing <u>Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.</u>, 722 F.2d 1319, 1323 (7th Cir. 1983)).

35 U.S.C. § 284 provides, in pertinent part:

> Upon finding for the claimant the court shall award the claimant damages adequate to compensate for the infringement, but in no event less than a reasonable royalty for the use made of the invention by the infringer, together with interest and costs as fixed by the court.
> . . . [T]he court may increase the damages up to three times the amount found or assessed

As mentioned in the statute, a reasonable royalty is the minimum type of damages recoverable, but Plaintiffs are not limited to that minimum – they may recover lost profits damages. <u>See</u>, <u>e.g.</u>,

<u>Rite-Hite Corp. v. Kelley Co., Inc.</u>, 56 F.3d 1538 (Fed. Cir. 1995) (en banc).

Attached as Exhibit C to the Motion are printouts from Urner Barry, a service which compiles information regarding various imports.  It shows that Ocean and East Asia sent 846,897 pounds and 6,946,625 pounds, respectively, of frozen tuna to the United States between 2000 and 2005, inclusive, for a total of 7,793,522 pounds.  Exhibit D to the Motion consists of copies of pronouncements from the United States Department of Commerce ("USDC") indicating that: 1) the USDC and the United States Food and Drug Administration approved Plaintiffs' tasteless smoke process; 2) the USDC was creating a list of companies that were verified as treating their products with tasteless smoke, later also called filtered smoke; and 3) Ocean and East Asia were companies that treated their fish with tasteless smoke.  Exhibit E to the Motion is a redacted copy of an expert damage report by economist David Francom in a similar Kowalski patent infringement case which concludes that: 1) where the defendant failed to produce records of its sales, it may be appropriate to use Urner Barry data decreased by ten percent because Urner Barry uses gross weights which would include packing material; and 2) a minimum reasonable royalty rate for tuna and swordfish would be eight cents per pound.  Exhibit F to the Motion is a redacted copy of an expert damage report by Mr. Francom in a similar

Kowalski patent infringement case, which concludes that a reasonable royalty rate of eight to twenty cents per pound would be appropriate for tuna and swordfish.  Thus, eight cents per pound is the most conservative rate, and Plaintiffs ask the Court to award damages in this case using that conservative rate.

Decreasing the Urner Barry total of 7,793,522 pounds by ten percent to eliminate packaging material results in 7,014,170 pounds, which at eight cents per pound results in a total of $561,134.00.  Further, the Court finds that treble damages of three times that amount are appropriate given that: (a) the default is an admission of the willful infringement allegations; (b) the use of the conservative eight cent per pound rate; and (c) Alves' default deprives Plaintiffs of information they would need to establish greater damage amounts, such as the much higher measure of lost profits.  This Court therefore RECOMMENDS that the Motion be GRANTED as to Plaintiffs' request for treble damages of $1,683,401.00.

## III. <u>Injunctive Relief</u>

Plaintiffs' Motion requests preliminary and permanent injunctions

> enjoining Alves and his agents, representatives,
> employees, servants, officers, directors,
> shareholders, attorneys, affiliates, trustees,
> successors, assigns, and any others within their
> control or supervision, and all persons acting in
> active concert or participation with them, from
> further infringing, contributing to and/or
> inducing the infringement of the '401 Patent, in

8

> accordance with 35 U.S.C. § 283, or assisting,
> aiding, or abetting any other person or business
> entity in engaging in or performing any of the
> activities referred to above[.]

[Motion at 2.]  Preliminary and permanent injunctions are

available under 35 U.S.C. § 283, which provides: "The several

courts having jurisdiction of cases under this title may grant

injunctions in accordance with the principles of equity to

prevent the violation of any right secured by patent, on such

terms as the court deems reasonable."  However, in the related

realm of copyright infringement, the United States Supreme Court

has emphasized that a plaintiff seeking a permanent injunction in

a must establish that:

> (1) that it has suffered an irreparable injury;
> (2) that remedies available at law, such as
> monetary damages, are inadequate to compensate for
> that injury; (3) that, considering the balance of
> hardships between the plaintiff and defendant, a
> remedy in equity is warranted; and (4) that the
> public interest would not be disserved by a
> permanent injunction.

eBay Inc. v. MercExchange, L.L.C., 126 S. Ct. 1837, 1839 (2006)

(citations omitted).  The Supreme Court "has consistently

rejected invitations to replace traditional equitable

considerations with a rule that an injunction automatically

follows a determination that a copyright has been infringed."

Id. at 1840.  Thus, after eBay, courts have criticized the

sometimes automatic practice of granting permanent injunctions

after the entry of a default judgment.  See, e.g.,

<u>Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.</u>, -- F. Supp. 2d. --, <u>available at</u> Nos. CV 01-8541 SVW (FMOx), CV 01-9923 SVW (FMOx), 2007 WL 3227684, at \*39 n.10 (C.D. Cal. Oct. 16, 2007) (citing <u>e360 Insight v. The Spamhaus Project</u>, 500 F.3d 594, 603-04 (7th Cir. 2007)).

The Court finds that the rationale behind the recent case law frowning upon the automatic issuance of permanent injunctions upon the entry of default judgment in copyright infringement cases also applies in the instant patent infringement action.  This Court therefore RECOMMENDS that the district judge DENY Plaintiffs' request for a permanent injunction against Alves and GRANT Plaintiffs' request for a preliminary injunction against Alves.  If Plaintiffs seek a permanent injunction, an evidentiary hearing should be held to determine the necessity of a permanent injunction.

<u>**CONCLUSION**</u>

On the basis of the foregoing, this Court FINDS and RECOMMENDS that Plaintiffs' Motion for Default Judgment Against Benedicto N. Alves, filed October 19, 2007, be GRANTED IN PART AND DENIED IN PART.  The Court recommends that the district judge:

(1) FIND that, (a) United States Patent 5,972,401 is owned by Plaintiff William R. Kowalski, (b) United States Patent 5,972,401 is valid and enforceable, and (c) Alves has infringed

10

one or more claims of that patent;

    (2)   AWARD judgment in favor of Plaintiffs and against Alves in the amount of $1,683,401.00;

    (3)   DENY Plaintiffs' request for a permanent injunction against Alves;

    (4)   ISSUE a preliminary injunction in favor of Plaintiffs and against Alves as follows:

> BENEDICTO N. ALVES and his agents, representatives, employees, servants, officers, directors, shareholders, attorneys, affiliates, trustees, successors, assigns, and any others within their control or supervision, and all persons acting in active concert or participation with them, are enjoined from further infringing, contributing to and/or inducing the infringement of U.S. Patent 5,972,401, in accordance with 35 U.S.C. § 283, or assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to above.

    (5)   AWARD judgment providing that personal service by mail or email of a copy of the judgment and permanent injunction shall be deemed sufficient notice under Rule 65 of the Federal Rules of Civil Procedure and it shall not be necessary for Alves to sign any form of acknowledgment of service.

    IT IS SO FOUND AND RECOMMENDED.

DATED AT HONOLULU, HAWAI`I, February 19, 2008.



 /S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States Magistrate Judge

**WILLIAM KOWALSKI, ET AL. V. OCEAN CORPORATION, ET AL; CIVIL NO. 05-00680 HG-LEK; FINDINGS AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT AGAINST BENEDICTO N. ALVES**